# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DAVID J. NELSON, | ) |
| Petitioner, | ) |
| v. | ) No. 1:11-cv-558-JMS-MJD |
| LAURA BRIGGS, | ) |
| Respondent. | ) |

## Entry and Order Directing Dismissal of Action

A federal inmate confined in this District seeks a writ of mandamus compelling the court's clerk, Laura Briggs, to issue certain papers associated with the registration of a judgment. That registered judgment was docketed as No. 1:11-mc-12-TWP-TAB.

The petitioner was given a period of time in which to supplement his petition for a writ of mandamus by demonstrating that he lacks an adequate remedy in No. 1:11-mc-12-TWP-TAB whereby to obtain the relief sought through this action for mandamus relief. He has filed supplements to the petition for writ of mandamus.

Whereupon the court, having considered the petition for a writ of mandamus and the supplements thereto, and being duly advised, now finds that the petition for a writ of habeas corpus must be denied and the action dismissed. This conclusion is based on the following facts and circumstances:

1. The petitioner is Robert David Neal. He is serving the executed portion of the 327-month sentence imposed by the United States District Court for the Northern District of Texas pursuant to his convictions for violating 18 U.S.C. § 1343 and 18 U.S.C. § 2. *See United States v. Neal,* 294 Fed. Appx. 96 (5th Cir. 2008) (unpublished).

2. Because Neal is a prisoner as defined by 28 U.S.C. § 1915(h), the court has screened his complaint as required by 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.; see Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006).

   a. A complaint states a claim upon which relief can be granted when the plaintiff "pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009), and "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

b.  In addition, although the requirements of notice pleading are minimal, "a plaintiff can plead himself out of court by alleging facts which show that he has no claim." *Jackson v. Marion County,* 66 F.3d 151, 153 (7th Cir. 1995).

3.  The court has previously examined the papers submitted by Neal and based on that examination has concluded that (1) those papers would be treated as the initial filing in an action for habeas corpus relief, and (2) "[t]he relief to which a party may be entitled will be determined and awarded as a result of the proceedings to be undertaken" in the habeas corpus action. The hoary rule that "no person may sue himself," *United States v. ICC,* 337 U.S. 426, 430 (1949), although admitting of certain exceptions not implicated here, impeded Mr. Neal's initial effort, but the peculiar nature of the relief he sought—release from incarceration—permitted the action to be transmuted to one for habeas corpus relief. As Mr. Neal is aware, the habeas action was docketed as No. 1:11-cv-415-TWP-TAB. As he is also aware, after briefing was completed, the petition for writ of habeas corpus was dismissed in a final judgment entered on the clerk's docket on July 20, 2011.[1]

4.  A court may properly issue a writ of mandamus only when three elements are present: (1) the plaintiff has a clear right to the relief sought; (2) the defendant has a plainly defined and peremptory duty to do the act in question; and (3) no other adequate remedy is available. *Ahmed v. Department of Homeland Sec.,* 328 F .3d 383, 387 (7th Cir. 2003); *Americana Healthcare Corp. v. Schweiker,* 688 F.2d 1072, 1084 (7th Cir. 1982). If the complaint fails to support a finding that a writ of mandamus is appropriate, dismissal of the claim is proper. *Ahmed,* 328 F.3d at 387; *Ryan v. Scibana,* 2004 WL 1946407, *1 (W.D.Wis. August 18, 2004).

5.  The elements required to obtain mandamus relief are not present in this case. In fact, none of necessary elements are present. Judge Pratt determined the proper course to be taken upon the opening of No. 1:11-mc-12-TWP-TAB. It is unfathomable how Neal has a clear right to certain action on the part of the court's clerk when a Judge of this court has given directions in the form of an order contrary to the course of action Neal seeks. The clerk's duty was to process the papers received in No. 1:11-mc-12-TWP-TAB, and that duty was carried out. As to the third element, Judge Pratt's order was clear: Neal's effort to secure his release from federal custody would proceed as an action for habeas corpus relief, pursued in such an action separately docketed, and "[t]he relief to which a party may be entitled will be determined and awarded as a result of the proceedings to be undertaken" in the habeas corpus action. The adequate remedy available to Neal was thus found to be an action for a writ of habeas corpus. In addressing

---

[1]A court may take judicial notice of its own records. *In re Salem,* 465 F.3d 767, 771 (7th Cir. 2006) (citing cases).

Neal's claim for his release, moreover, the court has explained:

> "A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges,* 423 U.S. 19, 21 (1975). Neither Neal himself, nor Neal acting as his alias Nelson, has made a showing of that nature. Neal cannot obtain his release through the "execution" of the consent judgment. *See, e.g., Diaz v. Diaz,* 2009 WL 272870, at *1 (W.D.Va. Feb.3, 2009).
>
> [ ] Overall, Neal does not challenge either the lawfulness of his conviction nor the manner in which the Bureau of Prisons is executing that sentence. Accordingly, the petition for a writ of habeas corpus must be denied and the action dismissed with prejudice.

6. A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1086 (7th Cir. 2008)(citing *Kolupa v. Roselle Park Dist.,* 438 F.3d 713, 715 (7th Cir. 2006)). The foregoing circumstances show that Neal has done precisely that. He cannot prevail in his quest for a writ of mandamus against the court clerk relating to the handling of the papers associated with the opening of No. 1:11-mc-12-TWP-TAB. For the reasons explained above, even when liberally construed, the complaint fails to survive the screening required by § 1915A because it fails to contain a legally viable claim. Dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/26/2011

*(signed) Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana