UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

DAVID J. NELSON, )
)
        Petitioner, )
v. ) No. 1:11-cv-558-JMS-MJD
)
LAURA BRIGGS, )
)
        Respondent. )

### Entry Discussing Post-Judgment Second
### Supplement to Petition for Writ of Mandamus

Robert Neal, continuing to use the name David J. Nelson, has filed his "second supplement to the petition for a writ of mandamus, etc." (hereafter "second supplement"). The second supplement was filed twice, but that redundancy is overlooked.

The second supplement refers to No. 1:11-mc-12-TWP-TAB as the related case. The court is aware of the proceedings in No. 1:11-mc-12-TWP-TAB, just as it is of proceedings in the habeas action docketed and concluded in No. 1:11-cv-415-TWP-TAB.

The second supplement refers to relief having "already been granted" in No. 1:11-mc-12-TWP-TAB, but in fact the only "relief" directed in that action was Judge Pratt's direction that Neal's effort to secure his release from federal custody be treated as an action for habeas corpus relief. That resulted in the docketing of No. 1:11-cv-415-TWP-TAB, which in turn was concluded in the Entry and Judgment issued on July 21, 2011. The Entry just referenced concluded that Neal was not entitled to habeas corpus relief because "Neal d[id] not challenge either the lawfulness of his conviction nor the manner in which the Bureau of Prisons is executing that sentence" and hence he failed to meet his burden of showing that his custody violated the Constitution, laws, or treaties of the United States.

Predictably, the denial of habeas corpus relief in No. 1:11-cv-415-TWP-TAB leads to the collapse of the present action seeking mandamus relief from the clerk. Neal's petition for writ of mandamus in the present action was denied on July 26, 2011, and judgment dismissing the action was entered on the clerk's docket on the same day.

The second supplement does not make reference to either the habeas action docketed and concluded in No. 1:11-cv-415-TWP-TAB or the disposition in this action and its procedural posture.

Neal is knocking at the wrong judicial door. He was not entitled to secure his release in No. 1:11-mc-12-TWP-TAB. He was not entitled to habeas corpus relief in No. 1:11-cv-415-TWP-TAB. He was not entitled to mandamus relief in this action. Whether he can establish his entitlement to a writ of mandamus in 2:11-cv-JMS-DKL remains to be seen.

As for the present case, the second supplement does not seek relief from the disposition of this case, does not present any information of which the court is not already aware, and does not contain the slightest hint that Neal is entitled to the relief he sought in bringing this action or in the second supplement itself. Any relief which the second supplement [17 and 19] can be construed as seeking is therefore **denied.**

**IT IS SO ORDERED.**

Date: 08/10/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

David J. Nelson
No. 15151-180
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808